THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATHAN MYERS,<br><br>                Plaintiff,<br><br>v.<br><br>ST. GEORGE POLICE DEPARTMENT, et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO STRIKE**<br><br>Case No. 4:20-cv-00113-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff seeks leave to file a motion to strike Defendants' motion to dismiss, or alternatively to file a late response to the motion to dismiss ("Motion").[1] However, Plaintiff's Motion provides no sufficient factual or legal justification on which a motion to strike Defendant's motion to dismiss could be granted. And Plaintiff's Motion does not identify a sufficient factual or legal basis on which a late response to the motion to dismiss would affect the disposition of the motion to dismiss.

Plaintiff asserts that he understood Defendants' indication that they did not object to extending the deadline to amend pleadings as meaning Defendants had stipulated to the filing of Plaintiff's then undrafted and unseen proposed amended complaint and had withdrawn their motion to dismiss.[2] Plaintiff is appearing pro se in this case and, as such, is afforded some

---

[1] Plaintiff's Motion to Allow Instanter Late Filed Motion to Strike Defendants' Motion to Dismiss to Stand ("Motion"), docket no. 45, filed Apr. 21, 2021.

[2] *Id*. ¶¶ 2-4 at 2.

leniency.[3] But no reading of the docket, Defendants' filings in this case, or the orders of this court, and no stretch of imagination can render Plaintiff's understanding reasonable.

The concession Plaintiff understood Defendants to make occurred weeks after Plaintiff's response time to the motion to dismiss had lapsed,[4] and after the court had ordered Defendants to submit a proposed memorandum decision and order granting their motion to dismiss.[5] The record is unmistakably clear that Defendants did not object to extending the deadline for amending pleadings,[6] but they never stipulated to the filing of Plaintiff's proposed amended complaint.[7] The record is also unmistakably clear that Plaintiff was required to file a motion for leave to amend, which complied with Fed. R. Civ. P. 15(a) and local rule DUCivR 15-1(a), before the court would consider granting leave for an amended complaint's filing.[8] And the record is unmistakably clear that Defendants' motion to dismiss was not withdrawn,[9] and is pending disposition based on Plaintiff's failure to timely respond and its substantive merits.[10]

Plaintiff also asserts that he was unaware of Defendants' motion to dismiss because he was not receiving email notice of filings from the court.[11] This assertion is contrary to the clear

---

[3] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). While Plaintiff is appearing pro se, he asserts that has been a licensed attorney for approximately 35 years. Motion ¶ 11 at 3.

[4] Motion ¶ 2 at 2; Defendants' Response to Plaintiff's Second Motion to Extend Time to File First Amended Complaint ("Defendants' Extension Response") at 1-2, docket no. 36, filed Apr. 1, 2021. Defendants' motion to dismiss was filed February 17, 2021. Defendants' Rule 12(b)(6) Motion to Dismiss and Supporting Memorandum ("Motion to Dismiss"), docket no. 28, filed Feb. 17, 2021. Plaintiff's response to the motion was due 28 days later, on March 17, 2021. DUCivR 7-1(b)(3).

[5] Docket Text Order, docket no. 35, filed Mar. 31, 2021.

[6] Defendants' Extension Response at 1-2.

[7] *Id*.

[8] Order Granting Extension of Time for Plaintiff to Seek Leave to Amend Complaint at 1-2, docket no. 30, filed Mar. 1, 2021; Order Granting Extension of Time for Plaintiff to Seek Leave to Amend Complaint at 1-2, docket no. 32, filed Mar. 16, 2021.

[9] Defendants' Request to Submit for Decision, docket no. 33, filed Mar. 19, 2021.

[10] Docket Text Order, docket no. 35, filed Mar. 31, 2021.

[11] Motion ¶¶ 5-6 at 2.

record. The record reflects that Plaintiff contacted the Clerk's Office in April 2021, to inform them that he had not received email notifications of court filings.[12] But Plaintiff confirmed with the Clerk's Office that his associate, Bill Milosz, had been receiving the email notifications.[13] Plaintiff was also clearly aware of Defendants' motions to dismiss and other filings in the case weeks before filing his Motion based on his reference to Defendants' April 1, 2021 filing and his assertion that he understood the contents of the filing to mean that Defendants had stipulated to his amended complaint and had withdrawn their motion to dismiss.[14]

Additionally, Plaintiff's procedural argument[15] regarding Defendants' motion to dismiss lacks merit. Defendants' motion raises jurisdictional issues based on Plaintiff's failure to timely file a notice of claim under the Governmental Immunity Act of Utah.[16] Subject matter jurisdiction cannot be waived and may be raised at any stage in the litigation.[17] And whether treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the standard of review on Defendants' motion is the same.[18]

---

[12] Remark, docket no. 44, filed Apr. 21, 2021; Email Chain Between Plaintiff and the Clerk's Office ("Email Chain"), docket no. 47, filed Apr. 23, 2021.

[13] Remark; Email Chain.

[14] Motion ¶¶ 2-4 at 2.

[15] *Id*. ¶ 8 at 2; Plaintiff's [Proposed] Motion to Strike Defendants' Motion to Dismiss ¶¶ 2-6 at 2, docket no. 45-1, filed Apr. 21, 2021.

[16] Motion to Dismiss at 6. "Failure to strictly comply with [the notice of claim] requirements results in a lack of jurisdiction." *Ellis v. Stoney*, No. 2:12-cv-00335-TS, 2013 WL 1309098, *2 (D. Utah Mar. 28, 2013) (quoting *Heideman v. Washington City*, 155 P.3d 900, 905 (Utah Ct. App. 2007)).

[17] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(h)(3)).

[18] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion[19] is DENIED.

Signed July 23, 2021.

                                         BY THE COURT

                                         David Nuffer
                                         United States District Judge

---

[19] Docket no. 45, filed Apr. 21, 2021