THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATHAN MYERS,<br><br>             Plaintiff,<br><br>v.<br><br>ST. GEORGE POLICE DEPARTMENT, et al.,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR EXTENSION OF DEADLINE TO AMEND PLEADINGS**<br><br>Case No. 4:20-cv-00113-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff's Complaint asserts numerous state law and federal causes of action arising from a traffic stop of Plaintiff's vehicle on September 18, 2019.[1] Defendants sought dismissal of the Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim.[2] Instead of responding to the Motion to Dismiss, Plaintiff filed several motions seeking to extend the deadline to amend pleadings. In all, Plaintiff filed seven motions for extension: the First Motion for Extension was denied as premature;[3] the Second and Third Motions for Extension were granted and extended the deadline to amend pleadings by one month;[4] and the Fourth, Fifth, Sixth, and Seventh

---

[1] Verified Complaint in Law and Equity ("Complaint") ¶¶ 5-7 at 2-3, 28-83 at 6-15, docket no. 3-2, filed Oct. 16, 2020.

[2] Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"), docket no. 28, filed Feb. 17, 2021.

[3] Plaintiff's Motion [to] Extend Complaint Amendment Date for Good Cause Shown ("First Motion for Extension"), docket no. 19, filed Dec. 28, 2020; Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler ("Minutes for Case Management Conference"), docket no. 25, filed Feb. 4, 2021; Order Denying Motion for Extension of Time, docket no. 27, filed Feb. 4, 2021.

[4] Plaintiff's Motion for Leave to File First Amended Complaint ("Second Motion for Extension"), docket no. 29, filed Feb. 24, 2021; Order Granting Motion for Extension of Time to Amend Complaint ("First Order Extending Deadline"), docket no. 30, filed Mar. 1, 2021; Motion to Extend Time to File Plaintiff's First Amended Complaint ("Third Motion for Extension"), docket no. 31, filed Mar. 15, 2021; Order Granting Motion for Extension of Time to File Motion to Amend Complaint ("Second Order Extending Deadline"), docket no. 32, filed Mar. 16, 2021.

Motions for Extension[5] were not immediately ruled on because it was necessary to determine the implications of such motions on Defendants' Motion to Dismiss (to which Plaintiff failed to respond).

Defendants were directed to file a proposed memorandum decision and order granting the Motion to Dismiss.[6] The Motion to Dismiss was ultimately granted in part and denied in part.[7] Because a portion of Plaintiff's claims survived the Motion to Dismiss, it is now appropriate to address the propriety of Plaintiff's Fourth, Fifth, Sixth, and Seventh Motions for Extension.

The record demonstrates that Plaintiff has failed to engage in the just, speedy, and inexpensive determination of this case. And Plaintiff has failed to establish good cause or excusable neglect to further extend the deadline to amend pleadings. Therefore, Plaintiff's Fourth, Fifth, Sixth, and Seventh Motions for Extension[8] are DENIED.

**Contents**
BACKGROUND ............................................................................................................................. 3
DISCUSSION ................................................................................................................................. 9
    Plaintiff fails to establish good cause or excusable neglect in his Fourth, Fifth and Sixth Motions for Extension ....................................................................................... 10
    Plaintiff fails to establish good cause or excusable neglect in his Seventh Motion for Extension ................................................................................................................ 14
ORDER ......................................................................................................................................... 17

---

[5] Plaintiff's Second *[sic]* Motion to Extend Time to File First Amended Complaint ("Fourth Motion for Extension"), docket no. 34, filed Mar. 26, 2021; Plaintiff's Third *[sic]* Motion to Extend Time to File First Amended Complaint ("Fifth Motion for Extension"), docket no. 37, filed Apr. 2, 2021; Plaintiff's Request to File Finished First Amended Complaint Next Week ("Sixth Motion for Extension"), docket no. 38, filed Apr. 9, 2021; Plaintiff's Request for Leave of Court to File 2nd Amended Complaint ("Seventh Motion for Extension"), docket no. 53, filed July 21, 2021.

[6] Docket Text Order ("Order Directing Filing of Proposed Order"), docket no. 35, filed Mar. 31, 2021.

[7] Memorandum Decision and Order Granting in part and Denying in part Motion to Dismiss ("Order on Defendants' Motion to Dismiss"), docket no. 56, filed Sept. 13, 2021.

[8] Fourth Motion for Extension, docket no. 34, filed Mar. 26, 2021; Fifth Motion for Extension, docket no. 37, filed Apr. 2, 2021; Sixth Motion for Extension, docket no. 38, filed Apr. 9, 2021; Seventh Motion for Extension, docket no. 53, filed July 21, 2021.

## BACKGROUND

Plaintiff filed his Complaint in the State of Utah's Fifth Judicial District Court on September 17, 2020.[9] The case was removed to the United States District Court for the District of Utah on October 15, 2020.[10] And on December 1, 2020, a stipulated Scheduling Order was entered, which set February 26, 2021, as the deadline to amended pleadings and join parties.[11]

On December 28, 2020, Plaintiff filed his First Motion for Extension seeking to extend the deadline to amend pleadings "to the extent necessary to do justice."[12] Plaintiff's basis for seeking the extension was that he was attempting to obtain additional information from Defendants to amend the Complaint and properly substitute parties.[13] The First Motion for Extension was denied as premature on February 4, 2021, but leave was granted for Plaintiff to later seek extension of the deadline, if necessary.[14] Approximately two weeks later, on February 17, 2021, Defendants filed their Motion to Dismiss.

On February 24, 2021, Plaintiff filed his Second Motion for Extension seeking three-week extension of the deadline to amend pleadings.[15] Plaintiff's basis for seeking the extension was to allow additional time for him to properly name "John Doe" police officers as defendants and to review case law involving roadblocks.[16] Plaintiff also acknowledged the filing of Defendants' Motion to Dismiss and sought time for its review before seeking leave to amend his

---

[9] Notice of Removal of Action Under 28 U.S.C. § 1441(a), (b), (c) – Federal Question and Diversity of Citizenship ¶ 1 at 2, docket no. 2, filed Oct. 15, 2020.

[10] *Id.*

[11] Scheduling Order ¶ 3 at 3, docket no. 14, filed Dec. 1, 2020.

[12] First Motion for Extension ¶ 13.b at 4.

[13] *Id.* ¶¶ 1-11 at 1-2, 13.b at 4.

[14] Minutes for Case Management Conference; Order Denying Motion for Extension of Time.

[15] Second Motion for Extension ¶ 6 at 2.

[16] *Id.* ¶¶ 2 at 1, 4 at 2. At the time, Defendant had provided Plaintiff with the names of nine of ten "John Doe" police officers. *Id.* ¶ 2 at 1.

Complaint.[17] The Second Motion for Extension was granted and the deadline to amend pleadings was extended to March 19, 2021.[18]

On March 15, 2021, Plaintiff filed his Third Motion for Extension seeking an additional one-week extension of the deadline to amend pleadings.[19] Plaintiff's basis for seeking the extension was that he "ha[d] been flooded with both personal and professional issues of all sorts," including health issues involving his "sister's kid" and court appearances and meetings for other cases from March 16 through 26, 2021.[20] Plaintiff did not mention the pending Motion to Dismiss for which his deadline to respond was March 17, 2021.[21] The Third Motion for Extension was granted and the deadline to amend pleadings was extended to March 26, 2021.[22]

In both orders extending the deadline to amend pleadings, Plaintiff was notified that before leave to file an amended complaint may be considered, he must file a motion that complied with FED. R. CIV. P. 15(a) and local rule DUCivR 15-1(a).[23]

Despite Plaintiff's awareness of the case's docket[24] and the pending Motion to Dismiss,[25] he did not timely file a response to the Motion to Dismiss on March 17, 2021. Plaintiff also did

---

[17] *Id*. ¶ 3 at 2.

[18] First Order Extending Deadline.

[19] Third Motion for Extension ¶ 6.a at 2.

[20] *Id*. ¶¶ 2-5 at 2.

[21] DUCivR 7-1(b)(3)(A).

[22] Second Order Extending Deadline.

[23] *Id*. at 2; First Order Extending Deadline at 2.

[24] Plaintiff contacted the Clerk's Office to inform them that he had not received email notifications of court filings. Remark, docket no. 44, filed Apr. 21, 2021. But Plaintiff confirmed with the Clerk that his associate had been receiving the email notifications. *Id*.

[25] Second Motion for Extension ¶ 3 at 2.

not seek an extension of his deadline to respond to the Motion to Dismiss. On March 19, 2021, Defendants filed a request to submit for decision regarding the Motion to Dismiss.[26]

Subsequently, on March 26, 2021 (the date of the extended deadline to amend pleadings),[27] Plaintiff filed his Fourth Motion for Extension seeking to further extend the deadline by one week.[28] Plaintiff's basis for seeking the extension was substantially similar to that of his Third Motion for Extension:[29] "[P]laintiff has been flooded with both personal and professional issues of all sorts," including health issues involving "Plaintiff's sister's kid;" "several court dates . . . which were all much more time consuming than expected;" and the Passover weekend.[30] Plaintiff did not mention Defendants' Motion to Dismiss.

Plaintiff's Fourth Motion for Extension was not ruled on because of the pending Motion to Dismiss, which Plaintiff had not opposed. Instead, on March 31, 2021, an order entered which acknowledged the filing of the Fourth Motion for Extension but stated "Plaintiff is failing to engage in the just, speedy, and inexpensive determination of this action."[31] The order directed Defendants to prepare and file by April 14, 2021, a proposed memorandum decision and order granting the Motion to Dismiss.[32]

Plaintiff subsequently filed his Fifth Motion for Extension on April 2, 2021, and his Sixth Motion for Extension on April 9, 2021, each seeking an additional one-week extension of the

---

[26] Request to Submit for Decision, docket no. 33, filed Mar. 19, 2021.

[27] Second Order Extending Deadline at 2.

[28] Fourth Motion for Extension ¶ 7 at 2.

[29] Third Motion for Extension ¶¶ 2-5 at 2.

[30] Fourth Motion for Extension ¶¶ 2-6 at 2.

[31] Order Directing Filing of Proposed Order.

[32] *Id*.

deadline to amend pleadings.[33] Plaintiff's basis for seeking the extensions was again substantially similar to that of his Third Motion for Extension:[34] "[P]laintiff has been flooded with both personal and professional issues of all sorts," including health issues involving "Plaintiff's sister's kid;" "several court dates . . . which were all much more time consuming than expected;" Plaintiff's expected attendance of Easter Dinner with "[P]laintiff's godchildren;" and the expected arrival of "[P]laintiff's colleague of many years" to assist in reviewing and editing of the proposed amended complaint.[35] Plaintiff again did not mention Defendants' Motion to Dismiss. Nor did Plaintiff acknowledge the order from March 31, 2021, or that a ruling was not entered on his Fourth Motion for Extension. The Fifth and Sixth Motions for Extension were not ruled on due to the impending filing of Defendants' proposed memorandum decision and order granting the Motion to Dismiss.

On April 13, 2021, Plaintiff filed a motion seeking leave to amend his Complaint.[36] The motion was filed 18 days after the extended deadline to amend pleadings,[37] and one day prior to Defendants' deadline to file a proposed memorandum decision and order granting the Motion to Dismiss.[38] Plaintiff's motion did not address that it was filed after the deadline to amend pleadings, nor did it mention the Motion to Dismiss. The motion also failed to comply with local

---

[33] Fifth Motion for Extension ¶ 9 at 2; Sixth Motion for Extension ¶ 7 at 2.

[34] Third Motion for Extension ¶¶ 2-5 at 2.

[35] Fifth Motion for Extension ¶¶ 2-7 at 2; Sixth Motion for Extension at ¶¶ 3-4 at 2.

[36] Plaintiff's Motion for Leave to File First Amended Complaint Instanter ("Motion for Leave to Amend Complaint"), docket no. 40, filed Apr. 13, 2021.

[37] Second Order Extending Deadline at 2.

[38] Order Directing Filing of Proposed Order.

rule DUCivR 15-1(a)(2) because it did not attach "a redlined version of the proposed amended pleading comparing it with the pleading sought to be amended."[39]

On April 14, 2021, Defendants filed a proposed memorandum decision and order granting the Motion to Dismiss.[40] One week later, on April 21, 2021, Plaintiff filed a motion seeking leave to file a motion strike the Motion to Dismiss, or alternatively, to permit a late response.[41] Plaintiff's motion was denied because Plaintiff's stated basis for not timely responding to the Motion to Dismiss was unreasonable and contrary to the clear record in the case.[42] Plaintiff also failed to offer a sufficient factual or legal justification to strike the Motion to Dismiss or explain how a late response was justified or would substantively affect the disposition of the Motion to Dismiss.[43]

Subsequently, on July 21, 2021, over three months after filing his Motion for Leave to Amend Complaint, Plaintiff filed his Seventh Motion for Extension. The Seventh Motion for Extension sought a two-week extension of time for Plaintiff to file a second amended complaint.[44] Plaintiff asserted that he recently realized the proposed amended complaint he previously submitted did not include several allegations and a claim for individual liability under 42 U.S.C. § 1983, which he had intended.[45] Plaintiff speculated that the missing allegations

---

[39] DUCivR 15-1(a)(2). The propriety of Plaintiff's Motion for Leave to Amend Complaint will be addressed in a separate memorandum decision and order.

[40] Proposed Memorandum Decision and Order Granting Motion to Dismiss, docket no. 41, filed Apr. 14, 2021.

[41] Plaintiff's Motion to Allow Instanter Late Filed Motion to Strike Defendants' Motion to Dismiss to Stand ("Motion for Leave to File Motion to Strike"), docket no. 45, filed Apr. 21, 2021.

[42] Memorandum Decision and Order Denying Motion for Leave to File Motion to Strike, docket no. 54, filed July 26, 2021.

[43] *Id*.

[44] Seventh Motion for Extension at ¶ 10.a at 3.

[45] *Id*. ¶¶ 2-4 at 2.

resulted from an error in saving his edits or a technical issue with his computer.[46] Plaintiff did not attempt to identify the substance of the missing allegations. But he asserted that the missing claim "was in the existing first [C]omplaint and will be basically unchanged in the new amended document."[47] Plaintiff further asserted that he needed an additional two weeks to correct the proposed amended complaint because he was working on a filing for another case.[48] Plaintiff also again did not mention the Defendants' Motion to Dismiss.

On September 13, 2021, the Order on Defendants' Motion to Dismiss entered. Several of Plaintiff's claims were dismissed for lack of subject matter jurisdiction,[49] and several other claims were dismissed for failure to state plausible claims on which relief may be granted.[50] The only remaining claims in Plaintiff's Complaint are those against Officer Ben Tufuga (Counts One through Fourteen),[51] and the "personal capacity" federal causes of action (Counts Nine, Eleven, and Thirteen)[52] against the "John Doe" police officers[53] who were present and actually involved in the traffic stop and search of Plaintiff's vehicle.[54]

---

[46] *Id.* ¶ 5 at 2.

[47] *Id.* ¶ 9 at 2.

[48] *Id.* ¶ 7 at 2.

[49] Order on Defendants' Motion to Dismiss at 9-11.

[50] *Id.* at 11-22.

[51] Complaint ¶¶ 28-83 at 6-15. Plaintiff's state law claims (Counts One through Eight) and "official capacity" federal causes of action (Counts Ten, Twelve, and Fourteen) against Officer Tufuga are the subject of an order requiring Plaintiff to show cause as to why the claims should not be dismissed for the same reasons that Defendants' Motion to Dismiss is granted in part. Order to Show Cause Regarding Dismissal of Certain Claims Against Defendant Ben Tufuga, docket no. 57, filed Sept. 14, 2021.

[52] Complaint ¶¶ 60-64 at 11-12, 68-72 at 12-13, 76-80 at 13-14.

[53] In a subsequent order, Plaintiff will be granted leave to file an amended complaint that properly identifies these "John Doe" police officers as defendants.

[54] *Id.* at 2-3, 22.

## DISCUSSION

FED. R. CIV. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[55] FED. R. CIV. P. 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."[56] Therefore, an extension of a deadline within a scheduling order "only be granted for good cause regardless of when the extension was requested."[57] "But if the extension request was filed after the original deadline, the court must also determine whether the failure to timely meet the deadline was due to excusable neglect."[58]

The good cause and excusable neglect standards are "interrelated, but not identical."[59] "Good cause requires a greater showing than excusable neglect."[60] "Good cause comes into play in situations in which there is no fault—excusable or otherwise."[61] "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[62] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[63]

Excusable neglect on the other hand, "requires some showing of good faith on the part of the party seeking the [extension] and some reasonable basis for noncompliance within the time

---

[55] FED. R. CIV. P. 16(b)(4).

[56] *Id*. at 6(b)(1)(B).

[57] *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017).

[58] *Id*.

[59] *Id*.

[60] *Id*. (internal punctuation and quotations omitted).

[61] *Id*. (internal quotations omitted).

[62] *Id*. at 700-701 (internal quotations omitted).

[63] *Id*. at 701 (internal quotations omitted).

specified."[64] "[It] is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer."[65] Rather,

> [i]t is an equitable standard and courts should consider four factors when determining whether neglect is excusable: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.[66]

These standards "should be liberally construed to advance the goal of trying each case on the merits."[67] But an extension of a deadline "is by no means a matter of right."[68] And in applying these standards, a motion to extend a particular deadline need not be viewed in a vacuum.[69] The motion may be considered within the context of the litigation as a whole.[70]

### Plaintiff fails to establish good cause or excusable neglect in his Fourth, Fifth and Sixth Motions for Extension

The deadline to amend pleadings in this case was originally set as February 26, 2021, on stipulation of the parties.[71] The deadline was extended twice on Plaintiff's motion to approximately one month later, March 26, 2021.[72] Plaintiff established good cause to obtain these extensions based on his assertions in his Second and Third Motions for Extension that he:

---

[64] *Id.* (internal quotations omitted).

[65] *Id.* at 701 n.2 (internal quotations omitted).

[66] *Id.* (internal quotations omitted).

[67] *Id.* at 700 (internal quotations omitted).

[68] *Id.* (internal quotations omitted).

[69] *Id.* at 702.

[70] *Id.*

[71] Scheduling Order ¶ 3.a at 3.

[72] First Order Extending Deadline; Second Order Extending Deadline.

- had obtained from Defendants the names of certain "John Doe" police officers to be properly identified as defendants in an amended complaint;[73]

- needed time to review and consider Defendants' Motion to Dismiss;[74] and

- had personal and professional issues arise which necessitated additional time for him to complete drafting a proposed amended complaint.[75]

Plaintiff's assertions were broadly phrased and did not specifically address Plaintiff's diligence or the impacts on his ability to meet the deadline. But Plaintiff is pro se[76] and it appeared, at that time, that he was attempting to diligently meet the case's deadlines and circumstances beyond his control supported extending the deadline to amend pleadings. The extensions also did not impact any other deadlines in the case. Therefore, permitting Plaintiff to have an additional month to prepare and file a motion for leave to amend his Complaint was reasonable and appropriate under the circumstances.

However, Plaintiff failed to timely respond to Defendant's Motion to Dismiss on March 17, 2021 and did not seek extension of that deadline. He instead sought further extension of the March 26, 2021 extended deadline to amend pleadings three times.[77] And in doing so, completely ignored that Defendants had submitted the Motion to Dismiss for decision and were ordered to file a proposed memorandum decision and order granting the Motion to Dismiss.[78] Plaintiff's failure to respond to the Motion to Dismiss and continued requests for extension of the

---

[73] Second Motion for Extension ¶¶ 2 at 1, 4 at 2.

[74] *Id.* ¶ 3 at 2.

[75] Third Motion for Extension ¶¶ 2-5 at 2.

[76] While Plaintiff is appearing pro se in this case, he asserts that he has been a licensed attorney for approximately 35 years. Motion for Leave to File Motion to Strike ¶ 11 at 3.

[77] Fourth Motion for Extension; Fifth Motion for Extension; Sixth Motion for Extension.

[78] Request to Submit for Decision; Order Directing Filing of Proposed Order.

deadline to amend pleadings lead to the finding that "Plaintiff is failing to engage in the just, speedy, and inexpensive determination of this action."[79]

Plaintiff eventually filed a Motion for Leave to Amend Complaint eighteen days after the extended deadline to amend pleadings. This was also the day before Defendants filed their Proposed Memorandum Decision and Order Granting Motion to Dismiss. Plaintiff then waited another week to file a motion directed at the Motion to Dismiss.[80] Plaintiff's motion offered only unreasonable explanations for why he failed to timely respond to the Motion to Dismiss which were contrary to the clear record in the case.[81] Plaintiff also failed to offer a factual or legal justification to support the motion.[82]

In context of the prior extensions of the deadline to amend pleadings and Plaintiff's disregard of the Motion to Dismiss, Plaintiff fails to establish good cause or excusable neglect for further extension of the deadline to amend pleadings. Plaintiff's basis for seeking the extension in his Fourth, Fifth, and Sixth Motions for Extension are substantially similar to those raised in his Third Motion for Extension.[83] His assertions are broad and vague. He does not establish that he has diligently attempted to meet the extended deadline to amend pleadings. And he does not indicate how his purported "personal and professional issues" had any impact on his ability to meet the extended deadline. There is no obvious reason that Plaintiff's personal issues (*i.e.*, the health of his sister's child; Passover weekend; Easter dinner with family; and a colleague visiting) would have prevented him from meeting the extended deadline had he acted

---

[79] Order Directing Filing of Proposed Order.

[80] Motion for Leave to File Motion to Strike.

[81] Memorandum Decision and Order Denying Motion for Leave to File Motion to Strike.

[82] *Id*.

[83] Third Motion for Extension ¶¶ 2-5 at 2; Fourth Motion for Extension ¶¶ 2-6 at 2; Fifth Motion for Extension ¶¶ 2-7 at 2; Sixth Motion for Extension at ¶¶ 3-4 at 2.

diligently. And the fact that Plaintiff "[wa]s professionally engaged in other matters is not sufficient, as a matter of law, to show excusable neglect[, and] it most certainly isn't sufficient to show good cause[.]"[84]

Plaintiff's conduct and requests to further extend the deadline to amend pleadings also prejudicially impacted the proceedings. Plaintiff caused delays, added unnecessary complexity to the case, and increased costs by not responding to the Motion to Dismiss and instead filing his Fourth, Fifth, and Sixth Motions for Extension; by untimely filing his Motion for Leave to Amend Complaint; and by seeking leave to strike the Motion to Dismiss or to file an untimely response without any factual or legal justification.

Plaintiff's pro se status and a liberal application of the good cause and excusable neglect standards[85] also are not sufficient to support granting further extension of the deadline to amend pleadings. On this record, Plaintiff's was not his inability to meet the extended deadline to amend pleadings due to circumstances beyond his control. Rather, he was not attempting to diligently meet the case's deadlines. Plaintiff was afforded more than a sufficient opportunity to seek leave to amend his Complaint by the extended deadline. And his failure to do so lacks a good faith and reasonable justification. Plaintiff's claims that survived Defendant's Motion to Dismiss may still be heard on their merits. But Plaintiff will not be permitted to inexcusably and prejudicially delay the case by unreasonably ignoring deadlines, Defendants' filings, and court orders. Therefore, Plaintiff fails to establish good cause or excusable neglect in his Fourth, Fifth, and Sixth Motions for Extension.

---

[84] *Utah Republican Party*, 678 Fed. App'x at 701.

[85] *Id*. at 700.

### Plaintiff fails to establish good cause or excusable neglect
### in his Seventh Motion for Extension

Plaintiff filed his Seventh Motion for Extension on July 21, 2021, approximately three months after untimely filing his Motion for Leave to Amend Complaint. The Seventh Motion for Extension exemplifies Plaintiff's continued inability to meet deadlines because of a lack of diligence and his complete disregard of the procedural posture of the case.

The Seventh Motion for Extension seeks a two-week extension of time to allow Plaintiff to file a second amended complaint.[86] Plaintiff's basis for seeking the extension is that his proposed amended complaint did not include all the allegations and claims he intended.[87] This is dubious considering that Plaintiff was granted a one-month extension of time to prepare the proposed amended complaint and seek leave for its filing.[88] He also took an additional 18 days beyond the extended deadline to file his Motion for Leave to Amend Complaint. Plaintiff had more than enough time, with diligence, to include all the allegations and claims he intended in his proposed amended complaint.

The credibility of Plaintiff's assertions in the Seventh Motion for Extension are questionable. Briefing on Plaintiff's Motion for Leave to Amend Complaint was complete two and a half months prior to the Seventh Motion for Extension's filing.[89] Defendants' Response to Motion for Leave to Amend Complaint specifically pointed out defects in the proposed amended complaint when arguing its futility.[90] Plaintiff's Reply in Support of Motion for Leave to Amend

---

[86] Seventh Motion for Extension ¶ 10.a at 3.

[87] *Id*. ¶¶ 2-4 at 2.

[88] First Order Extending Deadline; Second Order Extending Deadline.

[89] Defendants' Opposition to Plaintiff's Motion for Leave to File First Amended Complaint ("Response to Motion for Leave to Amend Complaint"), docket no. 48, filed Apr. 28, 2021; Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Leave to File First Amended Complaint ("Reply in Support of Motion for Leave to Amend Complaint"), docket no. 52, filed May 5, 2021.

[90] Response to Motion for Leave to Amend Complaint at 5-11.

Complaint responded to Defendants' arguments.[91] Plaintiff should have discovered the errors in the proposed amended complaint as part of this briefing. That Plaintiff makes no attempt at identifying the content of the missing allegations, and that he seeks an additional two weeks to make the corrections, clearly suggests that Plaintiff is merely seeking another bite at the apple.

But even accepting Plaintiff's assertions, his ability to file the proposed amended complaint he intended was entirely within his control. He did not proofread the proposed amended complaint before untimely filing it. And he did not realize his mistake for nearly three months.[92] But beyond this undeniable lack of diligence, Plaintiff requests an additional two-week extension of time to make edits to the proposed amended complaint because he is busy working on another case.[93] Considering Plaintiff's prior conduct that has negatively impacted these proceedings,[94] and that the circumstances relating to the Seventh Motion for Extension were within Plaintiff's control, it is unreasonable for Plaintiff to request additional delay in this case because he has work to do on another case.

The relief Plaintiff seeks will prejudicially impact the proceedings by causing further delays and costs though the additional rounds of briefing on another motion to amend the Complaint. Any prejudice to Plaintiff in not permitting the relief is also limited. Prejudice from the purported missing allegations in the proposed amended complaint is purely speculative because Plaintiff made no effort to identify their content. Additionally, the claim purportedly missing from the proposed amended complaint (*i.e.*, a claim for individual liability under 42 U.S.C. § 1983) survived Defendants' Motion to Dismiss as against Officer Ben Tufuga and the

---

[91] Reply in Support of Motion for Leave to Amend Complaint at ¶¶ 8-30 at 5-8.
[92] Seventh Motion for Extension ¶ 2 at 2.
[93] *Id.* ¶ 7 at 2.
[94] *Supra* Discussion at 10-13.

15

"John Doe" police officers who were present and actually involved in the traffic stop and search of Plaintiff's vehicle.[95] And in a subsequent order, Plaintiff will be granted leave to amend the complaint to properly name the "John Doe" police officers as defendants. Thus, the claim may still be heard on its merits.

Finally, the Seventh Motion for Extension demonstrates Plaintiff's continued disregard of procedure and the procedural posture of this case. Plaintiff again failed to acknowledge Defendants' Motion to Dismiss and the impact it has on the relief he seeks. He also again failed to acknowledge that the extended deadline to amend pleadings passed on March 26, 2021; that his Fourth, Fifth, and Sixth Motions for Extension had not been ruled on (so the extension Plaintiff is seeking is actually approximately four and a half months); that his first Motion for Leave to Amend Complaint was untimely; and that before leave to file an amended pleading may be considered, a motion that complies with FED. R. CIV. P. 15(a) and local rule DUCivR 15-1(a) must be filed.

Plaintiff is pro se and has been afforded leniency in his pleadings and court filings for "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, [and] his unfamiliarity with pleading requirements."[96] But "[t]his leniency is designed to compensate for pro se litigants' lack of legal assistance."[97] Plaintiff has an asserted 35 years of experience as a licensed attorney.[98] And regardless, the liberal treatment afforded pro se parties "is not without limits," pro se parties must still "follow the same rules of procedure

---

[95] Order on Defendants' Motion to Dismiss at 1 n.5, 2, 17-19, 23.

[96] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotations omitted).

[97] *Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (quoting John c. Rothermich, *Ethical and Procedural Implications of "Ghostwriting" for Pro Se Litigants: Toward Increased Access to Civil Justice*, 67 Forham L.Rev. 2687, 2697 (1999)).

[98] Motion for Leave to File Motion to Strike ¶ 11 at 3.

that govern other litigants."[99] Plaintiff's disregard of procedure and the procedural posture of this case is not excusable based on his pro se status. And it is certainly not excusable given his experience in the legal profession.

Plaintiff has failed to engage in the just, speedy, and inexpensive determination of this action.[100] He has unreasonably and unnecessarily delayed and increased costs in this case. And his failures have lacked good faith justification.[101] Plaintiff's Seventh Motion for Extension is more of the same. Therefore, Plaintiff fails to establish good cause or excusable neglect in his Seventh Motion for Extension.

### ORDER

IT IS HEREBY ORDERED that Plaintiff's Fourth, Fifth, Sixth, and Seventh Motions for Extension[102] are DENIED.

Signed September 14, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[99] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotations omitted).

[100] Order Directing Filing of Proposed Order; *Supra* Discussion at 10-13.

[101] Memorandum Decision and Order Denying Motion for Leave to File Motion to Strike; *Supra* Discussion at 10-13.

[102] Fourth Motion for Extension, docket no. 34, filed Mar. 26, 2021; Fifth Motion for Extension, docket no. 37, filed Apr. 2, 2021; Sixth Motion for Extension, docket no. 38, filed Apr. 9, 2021; Seventh Motion for Extension, docket no. 53, filed July 21, 2021.