THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATHAN MYERS,<br><br>Plaintiff,<br><br>v.<br><br>ST. GEORGE POLICE DEPARTMENT, et al.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND COMPLAINT**<br><br>Case No. 4:20-cv-00113-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff filed a Motion for Leave to Amend Complaint.[1] Defendants opposed the Motion arguing that it is untimely, and that Plaintiff's proposed amendments are futile.[2]

Plaintiff's Motion for Leave to Amend Complaint fails to comply with DUCivR 15-1(a). The Motion is also untimely; without good faith and reasonable justification; and granting Plaintiff leave to amend as requested would cause undue prejudice. Additionally, several claims from Plaintiff's Original Complaint[3] have been dismissed as to numerous Defendants for lack of subject matter jurisdiction and for failure to state a plausible claim on which relief may be granted.[4] Plaintiff's Proposed Amended Complaint[5] does not correct the Original Complaint's

---

[1] Plaintiff's Motion for Leave to File First Amended Complaint Instanter ("Motion for Leave to Amend Complaint" or "Motion"), docket no. 40, filed Apr. 13, 2021.

[2] Defendants' Opposition to Plaintiff's Motion for Leave to File First Amended Complaint ("Response to Motion for Leave to Amend Complaint"), docket no. 48, filed Apr. 28, 2021.

[3] Verified Complaint in Law and Equity ("Original Complaint"), docket no. 3-2, filed Oct. 16, 2020.

[4] Memorandum Decision and Order Granting in part and Denying in part Motion to Dismiss ("Order on Motion to Dismiss"), docket no. 56, filed Sept. 13, 2021.

[5] [Proposed] Verified Complaint in Law and Equity ("Proposed Amended Complaint"), docket no. 40-2, filed Apr. 13, 2021. The Proposed Amended Complaint's paragraph numbering becomes inconsistent following ¶ 134 at 25. All subsequent paragraphs in the Proposed Amended Complaint are identified by letter (not number) and do not

deficiencies regarding these claims and Defendants. Plaintiff's proposed amendments are futile. Therefore, Plaintiff's Motion for Leave to Amend Complaint[6] is DENIED.

The only remaining causes of action in the Original Complaint are those against Officer Ben Tufuga (Counts One through Fourteen),[7] and the "personal capacity" federal causes of action (Counts Nine, Eleven, and Thirteen)[8] against the "John Doe" police officers who were present and actually involved in the traffic stop and search of Plaintiff's vehicle.[9] Plaintiff identified the names of these "John Doe" police officers in his Proposed Amended Complaint.[10] They are: Travis Willinger; Justin Fray; and Sean Sparks.[11] Because Plaintiff's "personal capacity" federal causes of action (Counts Nine, Eleven, and Thirteen)[12] against these officers survived dismissal,[13] it is appropriate that Plaintiff be permitted to substitute their names to properly identify them as Defendants. Therefore, Plaintiff is directed to file an amended complaint that substitutes Travis Willinger, Justin Fray, and Sean Sparks for the "John Doe" Defendants who were present and actually involved in the traffic stop and search of Plaintiff's vehicle.

---

follow a consistent pattern. Citations to these paragraphs in this Memorandum Decision and Order are to the paragraph letter and page on which the paragraph is found.

[6] Docket no. 40, filed Apr. 13, 2021.

[7] Original Complaint ¶¶ 28-83 at 6-15. Plaintiff's state law claims (Counts One through Eight) and "official capacity" federal causes of action (Counts Ten, Twelve, and Fourteen) against Officer Tufuga are the subject of an order requiring Plaintiff to show cause as to why the claims should not be dismissed for the same reasons the claims were dismissed in the Order on Motion to Dismiss. Order to Show Cause Regarding Dismissal of Certain Claims Against Defendant Ben Tufuga, docket no. 57, filed Sept. 14, 2021.

[8] Original Complaint ¶¶ 60-64 at 11-12, 68-72 at 12-13, 76-80 at 13-14.

[9] Order on Motion to Dismiss at 2-3, 23.

[10] Proposed Amended Complaint ¶¶ 2.D at 2, 48 at 10.

[11] *Id*.

[12] Original Complaint ¶¶ 60-64 at 11-12, 68-72 at 12-13, 76-80 at 13-14.

[13] Order on Motion to Dismiss at 2-3, 11-19, 23.

**Contents**

DISCUSSION ........ 3
Plaintiff's Motion fails to comply with DUCivR 15-1(a) ........ 4
Plaintiff's Motion is untimely; without good faith and reasonable justification; and granting Plaintiff leave to amend as requested would cause undue prejudice ........ 6
Plaintiff's proposed amendments are futile ........ 9
Subject matter jurisdiction is still lacking over Plaintiff's state law claims ........ 11
Plaintiff still fails to state plausible "personal capacity" claims for Constitutional violations against Defendants who were not present and not actually involved in the traffic stop and search of his vehicle ........ 11
Plaintiff's "official capacity" claims for Constitutional violations still fail as a matter of law ........ 16
Plaintiff's "official capacity" § 1983 claim is appropriately asserted against only entity Defendants and still fails to state a plausible claim on which relief may be granted ........ 16
Plaintiff still may not maintain federal causes of action against a police drug-sniffing dog ........ 20
Substitution of the names for the "John Doe" police officers in the Original Complaint's surviving claims is appropriate ........ 20
ORDER ........ 22

## DISCUSSION

FED. R. CIV. P. 15 provides that "[t]he court should freely give leave [to amend] when justice so requires."[14] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[15] Prejudice to the opposing party is the "most important[] factor in deciding a motion to amend the pleadings."[16] However, "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend."[17] "Where the party seeking amendment knows or should have known of the facts upon which the

---

[14] FED. R. CIV. P. 15(a)(2).

[15] *Frank v. U.S. West, Inc.*, 3 F.3d 1357,1365 (10th Cir. 1993) (quoting *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993)).

[16] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[17] *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

proposed amendment is based but fail[ed] to include them in the original complaint, the motion to amend is subject to denial."[18]

**Plaintiff's Motion fails to comply with DUCivR 15-1(a)**

The deadline to amend pleadings in this case was originally set as February 26, 2021,[19] by stipulation of the parties.[20] The deadline was subsequently extended twice to March 26, 2021,[21] on motions of Plaintiff.[22] In both orders extending the deadline, Plaintiff was notified that before leave to file an amended complaint may be considered, he must file a motion that complied with FED. R. CIV. P. 15(a) and local rule DUCivR 15-1(a).[23] Despite these notices, Plaintiff's Motion for Leave to Amend Complaint does not comply with DUCivR 15-1(a).

DUCivR 15-1(a) requires that a motion to amend pleadings attach "(1) the proposed amended pleadings, and (2) a redlined version of the proposed amended pleading comparing it with the pleading sought to be amended."[24] Plaintiff did not attach a redlined version of the Proposed Amended Complaint to his Motion.

The requirement to attach a redlined version of a proposed amended pleading saves time and costs. It enables the parties and the court to focus attention on the proposed amendments without having to weed through two separate documents to decern their differences. A failure to

[18] *Id.*

[19] Scheduling Order ¶ 3 at 3, docket no. 14, filed Dec. 1, 2020

[20] Attorneys' Planning Meeting Report ¶ 3.a at 4, docket no. 13, filed Nov. 30, 2020.

[21] Order Granting Motion for Extension of Time to Amend Complaint ("First Order Extending Time"), docket no. 30, filed Mar. 1, 2021; Order Granting Motion for Extension of Time to File Motion to Amend Complaint ("Second Order Extending Time"), docket no. 32, filed Mar. 16, 2021.

[22] Plaintiff's Motion for Leave to File First Amended Complaint ("Feb. 24 Motion to Extend"), docket no. 29, filed Feb. 24, 2021; Motion to Extend Time to File Plaintiff's First Amended Complaint ("Mar. 15 Motion to Extend"), docket no. 31, filed Mar. 15, 2021.

[23] First Order Extending Deadline at 2; Second Order Extending Deadline at 2.

[24] DUCivR 15-1(a).

comply with the requirement, alone, would generally not be a sufficient basis for denying leave to amend a pleading. This is particularly true when the party seeking leave to amend is pro se.[25] However, in this case, the failure to comply with DUCivR 15-1(a) is one more example of Plaintiff's repeated conduct which has unnecessarily, unreasonably, and unjustifiably delayed, added complexity, and increased costs in this case.[26]

Plaintiff offers no justification for his failure to comply with the local rule. And his failing not only added time, complexity, and costs to the briefing and determination on his Motion for Leave to Amend Complaint. It also led to Plaintiff's filing of (and Defendants' response to) a motion seeking to extend time for Plaintiff to file a second amended complaint.[27] The basis for that motion was Plaintiff did not realize (for approximately three months) that his Proposed Amended Complaint did not include all the allegations and claims he had intended.[28] Had a redline version of the Proposed Amended Complaint existed, and Plaintiff acted with reasonable diligence, Plaintiff would have recognized and been able to correct the mistake before filing the Proposed Amended Complaint. Plaintiff's Motion to File Second Amended Complaint was denied because Plaintiff failed to establish good cause or excusable neglect.[29]

---

[25] While Plaintiff is appearing pro se in this case, he asserts that he has been a licensed attorney for approximately 35 years. Plaintiff's Motion to Allow Instanter Late Filed Motion to Strike Defendants' Motion to Dismiss to Stand ("Motion for Leave to Strike") ¶ 11 at 3, docket no. 45, filed Apr. 21, 2021

[26] Plaintiff's unreasonably dilatory and prejudicial conduct has been discussed in detail in prior orders. Docket Text Order, docket no. 35, filed Mar. 31, 2021; Memorandum Decision and Order Denying Motion for Leave to File Motion to Strike ("Order Denying Motion to Strike"), docket no. 54, filed July 26, 2021; Order on Motion to Dismiss; Memorandum Decision and Order Denying Motions for Extension of Deadline to Amend Pleadings ("Order Denying Motions for Extensions"), docket no. 58, filed Sept. 14, 2021.

[27] Plaintiff's Request for Leave of Court to File 2nd Amended Complaint ("Motion to File Second Amended Complaint"), docket no. 53, filed July 21, 2021; Defendants' Opposition to Plaintiff's Request for Leave of Court to File Second Amended Complaint, docket no. 55, filed Aug. 3, 2021.

[28] Motion to File Second Amended Complaint ¶¶ 1-4 at 2.

[29] Order Denying Motions for Extensions at 13-17.

Plaintiff's failure to comply with DUCivR 15-1(a) is not an isolated incident or a trivial technicality in this case. The failing prejudicially impacted the proceedings by causing delays and increasing costs. And the failing is without reasonable justification, especially when considering that Plaintiff was expressly notified twice that he must comply with the local rule's requirements.

Under these circumstances, Plaintiff's failure to comply with DUCivR 15-1(a) is a sufficient basis to deny his Motion for Leave to Amend Complaint. But, as discussed below,[30] this is not the only defect with Plaintiff's Motion, nor the only basis for its denial.

**Plaintiff's Motion is untimely; without good faith and reasonable justification; and granting Plaintiff leave to amend as requested would cause undue prejudice**

The extended deadline to amend pleadings was March 26, 2021.[31] Plaintiff sought additional extensions of the deadline through three motions.[32] But those motions were denied because Plaintiff failed to show good cause or excusable neglect to further extend the deadline.[33] Therefore, when Plaintiff filed his Motion for Leave to Amend Complaint on April 13, 2021, it was 18 days untimely.

A shallow review of the record may suggest that because this case remains early in its procedural stages and Plaintiff's Motion was less than three weeks untimely, granting leave to amend would be in the interest of justice. But such a view ignores that Plaintiff lacks a good faith

[30] *Infra* Discussion at 6-20.

[31] Second Order Extending Deadline at 2.

[32] Plaintiff's Second *[sic]* Motion to Extend Time to File First Amended Complaint ("Mar. 26 Motion to Extend"), docket no. 34, filed Mar. 26, 2021; Plaintiff's Third *[sic]* Motion to Extend Time to File First Amended Complaint ("Apr. 2, Motion to Extend"), docket no. 37, filed Apr. 2, 2021; Plaintiff's Request to File Finished First Amended Complaint Next Week ("Apr. 9 Motion to Extend"), docket no. 38, filed Apr. 9, 2021.

[33] Order Denying Motions for Extensions at 10-13, 17.

and reasonable justification for his delay in seeking leave to amend the Original Complaint, and that granting leave to amend as Plaintiff requests would cause undue prejudice.

Plaintiff argues that his delay in seeking leave to amend resulted from Defendants' unwillingness to respond to GRAMMA requests and to cooperate in discovery.[34] However, Plaintiff acknowledged in February 2021 (when seeking extension of the original deadline to amend pleadings) that he had obtained the necessary information from Defendants to seek leave to amend the Original Complaint.[35] The deadline to amend pleadings was extended by three weeks based, in part, on this representation.[36] The deadline was later extended an additional week to March 26, 2021, based on Plaintiff's assertion that "personal and professional issues" had arisen which necessitated the additional time.[37]

Plaintiff failed to offer a good faith and reasonable justification for extending the deadline to amend pleadings beyond March 26, 2021.[38] He was afforded more than a sufficient opportunity to seek leave to amend the Original Complaint by the extended deadline.[39] But he was not attempting to diligently meet the case's deadlines.[40]

Plaintiff's conduct also prejudicially impacted the proceedings.[41] Instead of responding to a Motion to Dismiss filed by Defendants,[42] Plaintiff filed his unsuccessful motions seeking to

---

[34] Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File First Amended Complaint ¶¶ 6-7 at 2-5, docket no. 52, filed May 5, 2021.

[35] Feb. 24 Motion to Extend ¶ 2 at 1.

[36] *Id*. ¶¶ 2-4 at 1-2; First Order Extending Deadline.

[37] Second Order Extending Deadline; Mar. 15 Motion to Extend ¶¶ 2-5 at 2.

[38] Order Denying Motions for Extensions at 10-13.

[39] *Id*.

[40] *Id*.

[41] *Id*.

[42] Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"), docket no. 28, filed Feb. 17, 2021

extend the deadline to amend pleadings.[43] Plaintiff ignored an order that found he was "failing to engage in the just, speedy, and inexpensive determination of the action," and which directed Defendants to file a proposed memorandum decision and order granting the Motion to Dismiss.[44] Plaintiff filed his Motion for Leave to Amend Complaint the day before Defendants' proposed memorandum decision and order was due.[45] And Plaintiff then waited an additional week to untimely seek leave to challenge the Motion to Dismiss.[46] His stated a basis for not timely responding was unreasonable and contrary to the clear record in the case.[47] He also failed to provide a factual or legal justification for challenging the Motion to Dismiss.[48]

Each of these actions prejudicially delayed, added complexity, and increased costs in this case. But beyond this, Defendant's Motion to Dismiss was ultimately granted in part and denied in part.[49] Several claims from Plaintiff's Original Complaint are now dismissed as to numerous Defendants for lack of subject matter jurisdiction and for failure to state a plausible claim on which relief may be granted.[50] To permit Plaintiff to amend the Original Complaint as requested would ignore the rationale behind the dismissals and unjustifiably give Plaintiff a second bite at the apple.

---

[43] Mar. 26 Motion to Extend; Apr. 2, Motion to Extend; Apr. 9 Motion to Extend; Order Denying Motions for Extensions at 10-13, 17.

[44] Docket Text Order; Order Denying Motions for Extensions at 10-13. Plaintiff contacted the Clerk's Office to inform them that he had not received email notifications of court filings. Remark, docket no. 44, filed Apr. 21, 2021. But Plaintiff confirmed with the Clerk that his associate had been receiving the email notifications. *Id*.

[45] Docket Text Order; Motion for Leave to Amend Complaint.

[46] Motion for Leave to Strike.

[47] *Id.*; Order Denying Motion to Strike.

[48] Motion for Leave to Strike; Order Denying Motion to Strike.

[49] Order on Motion to Dismiss.

[50] *Id*.

Some of Plaintiff's claims were dismissed without prejudice,[51] which could suggest that granting leave to amend the Original Complaint would be in the interest of justice. However, as discussed below,[52] Plaintiff's proposed amendments are futile. Plaintiff will also be permitted to file an amended complaint that properly identifies the "John Doe" police officers as Defendants in his surviving claims.[53] Therefore, the denial of Plaintiff's Motion for Leave to Amend Complaint will not unduly prejudice Plaintiff.

Plaintiff's Motion for Leave to Amend Complaint is untimely; without good faith reasonable justification; and granting Plaintiff leave to amend as requested would cause undue prejudice. This is a sufficient basis to deny Plaintiff's Motion. However, as discussed below,[54] there exists yet another basis for the Motion's denial.

**Plaintiff's proposed amendments are futile**

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[55] "It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim."[56] "Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to [FED. R. CIV. P.] 12(b)(6)."[57]

[51] *Id*. at 21-22. These claims include: Plaintiff's state law claims (Counts One through Eight), Original Complaint ¶¶ 28-59 at 6-11, as to all Defendants (other than Officer Ben Tufuga); Plaintiff's "personal capacity" federal causes of action (Counts Nine, Eleven, and Thirteen), *Id*. ¶¶ 60-64 at 11-12, 68-72 at 12-13, 76-80 at 13-14, as to Defendants who were not present and actually involved in the traffic stop and search of Plaintiff's vehicle; and Plaintiff's "official capacity" § 1983 claim (Count Fourteen), *Id*. ¶¶ 81-83 at 14-15, as to all Defendants (other than Officer Ben Tufuga).

[52] *Infra* Discussion at 9-20.

[53] *Id*. at 20-21.

[54] *Id*. at 9-20.

[55] *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 Fed. App'x 43, 51 (10th Cir. 2021).

[56] *Acker v. Burlington Northern and Santa Fe R. Co.*, 215 F.R.D. 645, 647 (D. Kan. 2003) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995); *Ketcham v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

[57] *Id*.

Dismissal is appropriate under FED. R. CIV. P. 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[58] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[59] In reviewing the complaint, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[60] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[61] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[62]

Plaintiff's Original Complaint has already gone through a Rule 12(b)(6) analysis.[63] The result was the dismissal of several claims as to numerous Defendants for lack of subject matter jurisdiction and for failure to state a plausible claim on which relief may be granted.[64] Plaintiff's Proposed Amended Complaint attempts to reassert most of these claims. However, it does not contain sufficient factual allegations to alter the analysis that led to the dismissal of claims and Defendants.

---

[58] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[59] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[60] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[61] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[62] *Sullivan*, 844 Fed. App'x at 47 (internal punctuation omitted).

[63] Order on Motion to Dismiss.

[64] *Id*. at 2, 9-23.

**Subject matter jurisdiction is still lacking over Plaintiff's state law claims**

The Proposed Amended Complaint includes six state law claims against Defendants (Counts One through Six).[65] These claims were also asserted in Plaintiff's Original Complaint (Counts One, Two, and Five through Eight).[66] And they were dismissed without prejudice for lack of subject matter jurisdiction because Plaintiff failed to serve any Defendant with a written notice of claim under the Governmental Immunity Act of Utah[67] before initiating this case.[68]

The Proposed Amended Complaint does not (and Plaintiff cannot) allege facts that would alter this analysis. Indeed, the Proposed Amended Complaint affirmatively alleges that Plaintiff did not comply with the notice of claim requirement prior to initiating the case.[69] Subject matter jurisdiction is still lacking over Plaintiff's state law claims. Therefore, Plaintiff's proposed amendments regarding these claims are futile.

**Plaintiff still fails to state plausible "personal capacity" claims for Constitutional violations against Defendants who were not present and not actually involved in the traffic stop and search of his vehicle**

The Proposed Amended Complaint includes two "personal capacity" claims for violation of the United States Constitution against Defendants (Counts Seven and Nine).[70] These claims were also asserted in Plaintiff's Original Complaint (Counts Nine through Twelve).[71] The claims

[65] Proposed Amended Complaint ¶¶ 115-g at 21-27.

[66] Original Complaint ¶¶ 28-35 at 6-8, 44-59 at 9-11.

[67] Utah Code Ann. § 63G-7-401(2).

[68] Order on Motion to Dismiss at 1-2, 9-11, 22.

[69] Proposed Amended Complaint ¶ 98 at 18.

[70] *Id*. ¶¶ h-h at 28-29, q-h at 30-31.

[71] Original Complaint ¶¶ 60-64 at 11-12, 68-72 at 12-13. The Proposed Amended Complaint's claims differ from their counterparts in the Original Complaint by adding broad allegations that Plaintiff's rights to privacy and interstate travel were violated. Proposed Amended Complaint ¶¶ 13 at 4, 44 at 9, 60 at 12, 66 at 13, 68.a at 13, 78 at 15, 80 at 16, 83 at 16, 91 at 17, 105 at 19, 112 at 20, 114 at 20, j at 28, n-o at 29, s at 30, i at 32. But the expanded breadth of alleged Constitutional violations does not alter the analysis that the Proposed Amended Complaint fails to contain sufficient factual allegations to support plausible claims for such violations.

were dismissed with prejudice as to the entity Defendants.[72] And they were dismissed without prejudice as to the individual Defendants who were not present and not actually involved in the traffic stop and search of Plaintiff's vehicle.[73]

The same analysis holds true as to the entity Defendants. "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law."[74] Official-capacity suits, in contrast, are the appropriate mechanism for seeking liability of a governmental entity.[75] Therefore, to the extent that Plaintiff's "personal capacity" Constitutional violation claims are asserted against the entity Defendants, the claims fail as a matter of law. Plaintiff's proposed amendments are futile as to these claims against the entity Defendants.

Regarding the individual Defendants, the basis for the claims' dismissal from the Original Complaint was that Plaintiff failed to allege sufficient facts regarding Defendants' involvement in the alleged violations of Plaintiff's rights.[76] Plaintiff alleged only that the individual Defendants were officials and employees of the entity Defendants.[77] Plaintiff also failed to allege facts suggesting a program or policy that was violative of a Constitutional right.[78] Plaintiff's speculation regarding the alleged "program" was not sufficient to allow reasonable inference that it (or the individual Defendants) had anything to do with the alleged Constitutional

---

[72] Order on Motion to Dismiss at 15, 22.

[73] *Id*. at 11-17.

[74] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[75] *Id*. at 165-66.

[76] Order on Motion to Dismiss at 12-13.

[77] *Id*.

[78] *Id*. at 13-14.

violations arising from the traffic stop and search of Plaintiff's vehicle.[79] Therefore, Plaintiff failed to allege sufficient facts to state plausible "personal capacity" claims for Constitutional violations against the individual Defendants who were not present and not actually involved in the traffic stop and search of his vehicle.[80]

Plaintiff's proposed amendments do not change this analysis. Plaintiff includes numerous new allegations in his Proposed Amended Complaint regarding the alleged Constitutional violations. But the vast majority of these allegations are not factual. Rather, the allegations are conclusory statements (such as duties owed and breached by Defendants)[81] and recitation of the claims' elements[82] couched as facts.

Plaintiff still fails to allege facts to allow reasonable inference that the individual Defendants violated his Constitutional rights (except for those who were present and actually involved in the traffic stop and search of his vehicle). Plaintiff's characterization of the alleged program as a "roving roadblock"[83] is not supported by factual allegations. Plaintiff again, at most, alleges facts suggesting that a program or policy existed for officers to use a scanner to check license plates for possible infractions and to have a K-9 unit readily available to perform a sniff of vehicles that are stopped for such infractions or observed traffic violations within the "drug enforcement area."[84] Such allegations, alone, are not suggestive of a program or policy that is violative of Plaintiff's Constitutional rights.[85]

---

[79] *Id*. at 14-15.

[80] *Id*. at 11-17.

[81] Proposed Amended Complaint ¶¶ 13-14 at 4, 24-26 at 6, 34-35 at 7, 42 at 9, 44 at 9, 52-53 at 11, 64-68 at 13, 78-87 at 15-16, 112-114 at 20.

[82] *Id*. ¶¶ 88-97 at 17-18, h-h at 28-29, q-h at 30-31.

[83] *Id*. ¶¶ 11-14 at 4, 30-31 at 6, 33-35 at 7, 38 at 8, 56-68 at 11-13.

[84] *Id*. ¶¶ 6-8 at 3-4, 21 at 5, 27-29 at 6, 31 at 6, 34 at 7, 37-38 at 8.

[85] Order on Motion to Dismiss at 13-14.

Plaintiff's speculation that the alleged program targets out-of-state drivers and entraps travelers to engage in criminal conduct by encouraging them to leave the road[86] is not supported by factual allegations. Plaintiff's speculation relies solely on allegations that he was an out-of-state driver who was stopped for a traffic violation (which he disputes)[87] and allegations regarding another vehicle that was stopped by officers while Plaintiff's vehicle was stopped.[88] Two stopped vehicles (one being out-of-state) is not sufficient to allow reasonable inference that a program exists to target out-of-state drivers or to entrap drivers.

Additionally, among the allegations regarding the other stopped vehicle is an allegation containing radio communications between officers.[89] That allegation states that an officer observed a "four door older white pick-up taking the frontage road southbound," and that the officer was going to "turn around and check it out."[90] Approximately one and a half minutes later, there was "unknown taking" over the radio.[91] This was followed by an officer stating, "going southbound,"[92] and then two rounds of "unknown talking"[93] and an officer stating, "California [p]lates."[94] Finally, just under three minutes later (approximately four and half minutes after the first discernable statement), an officer states "Two local guys, their *[sic]* good."[95]

---

[86] Proposed Amended Complaint ¶¶ 7 at 3, 12 at 4, 31 at 6, 34-35 at 7, 38 at 8, 50-52 at 10-11, 56-68 at 11-13, 77-87 at 15-16.

[87] *Id*. ¶¶ 7-9 at 3-4.

[88] *Id*. ¶ 50-51 at 10-11.

[89] *Id*. ¶ 50 at 10.

[90] *Id*. ¶ 50.a at 10.

[91] *Id*. ¶ 50.b at 10.

[92] *Id*. ¶ 50.c at 10.

[93] *Id*. ¶ 50.d-e at 10.

[94] *Id*. ¶ 50.f at 10.

[95] *Id*. ¶ 50.g at 10.

It is unclear from this allegation whether the same officer or different officers made the discernable statements. It is also unclear whether the discernable statements are all referring to "four door older white pick-up" observed in the first statement. And the context of all the discernable statements is unknown and left solely to speculation, particularly given the rounds of "unknown talking" and the time gaps between the statements. The allegation cannot lead to a reasonable inference that is favorable to Plaintiff's position.

Plaintiff alleges that the "four door older white pick-up" was stopped by officers[96] and was "not subjected to the 'drug task force' K-9 Dog unit search."[97] These facts are accepted as true (despite it being unclear how Plaintiff has knowledge to allege such facts). But it is not reasonable to infer from the facts alleged that the vehicle was stopped "only because said vehicle left the highway in what appeared to be an attempt to avoid said drug task force or roving roadblock"[98] as Plaintiff speculates. Nor is it reasonable to infer from the facts alleged that the K-9 unit did not perform a sniff of the vehicle "because they were 'local guys'"[99] as Plaintiff speculates. But even if such inferences were reasonable, it is still not reasonable to make the inferences Plaintiff desires. It is not reasonable infer that the alleged Constitutional violations arising from the stop and search of Plaintiff's vehicle and the stop and release of the other vehicle had any relation to each other or the alleged "program." Two stopped vehicles (one being out-of-state) is not sufficient to allow reasonable inference that a program exists to target out-of-state drivers or to entrap drivers.

---

[96] *Id*. ¶ 51 at 10.

[97] *Id*. ¶ 52 at 11.

[98] *Id*. ¶ 51 at 10.

[99] *Id*. ¶ 52 at 11.

Plaintiff still fails to allege sufficient facts to state plausible "personal capacity" claims for Constitutional violations against the individual Defendants who were not present and not actually involved in the traffic stop and search of his vehicle. Therefore, Plaintiff's proposed amendments regarding these claims are futile.

**Plaintiff's "official capacity" claims for Constitutional violations still fail as a matter of law**

The Proposed Amended Complaint includes two "official capacity" claims for violation of the United States Constitution against Defendants (Counts Eight and Ten).[100] These claims were also asserted in Plaintiff's Original Complaint (Counts Ten and Twelve).[101] And they were dismissed with prejudice because "official capacity" claims are maintained against a governmental official's employer, and *Bivens* liability[102] does not extend to employers, agencies, or the government.[103]

The Proposed Amended Complaint does not (and Plaintiff cannot) allege facts that would alter this analysis. Plaintiff's "official capacity" claims for Constitutional violations fail to state a plausible claim for relief as a matter of law. Therefore, Plaintiff's proposed amendments regarding these claims are futile.

**Plaintiff's "official capacity" § 1983 claim is appropriately asserted against only entity Defendants and still fails to state a plausible claim on which relief may be granted**

The Proposed Amended Complaint includes an "official capacity" claim for violation of 42 U.S.C. § 1983 against Defendants (Counts Eleven).[104] This claim was also asserted in

---

[100] *Id*. ¶¶ m-G at 29-30.

[101] Original Complaint ¶¶ 65-67 at 12, 73-75 at 13.

[102] *Bivens* liability is liability for Constitutional violations committed by governmental officials acting under color of authority. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

[103] Order on Motion to Dismiss at 15-16; *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 69-72 (2001).

[104] Proposed Amended Complaint ¶¶ g-h at 33-35.

Plaintiff's Original Complaint (Count Fourteen).[105] The claim was dismissed without prejudice as to the individual Defendants because the claim was duplicative and the entity Defendants are the claim's only true parties in interest.[106] The claim was dismissed without prejudice as to the entity Defendants because Plaintiff failed to allege sufficient facts to state a plausible claim against the entity Defendants.[107]

The same analysis holds for the individual Defendants. The entity Defendants are the only true parties of interest for the "official capacity" § 1983 claim.[108] The claim is duplicative as against the individual Defendants. Therefore, Plaintiff's proposed amendments regarding the claim against the individual Defendants are futile.

Regarding the entity Defendants, to state a plausible claim under § 1983, the plaintiff must allege "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the entity's] officers" which caused the alleged violation of a constitutional right.[109] A policy or custom that may lead to municipality liability under § 1983 include:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[110]

---

[105] Original Complaint ¶¶ 81-83 at 14-15.

[106] Order on Motion to Dismiss at 19.

[107] *Id*. at 19-21.

[108] *Graham*, 473 U.S. at 165-66 (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n.55 (1978)).

[109] *Monell*, 436 U.S. at 690.

[110] *Waller v. City and Cty. Of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (internal quotations omitted).

The plaintiff must also allege facts showing a "direct causal link between the policy or custom and the injury alleged."[111] And "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."[112]

Additionally, when a § 1983 claim is based on the failure to adequately train or supervise, the plaintiff must allege facts sufficient to showing deliberate indifference.[113] "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of [its] action."[114] Deliberate indifference may be found where the "municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."[115] This is typically established by the "existence of a pattern of tortious conduct."[116] And such a pattern "is only unnecessary in a narrow range of circumstances, however rare, in which the constitutional consequences of a failure to train are highly predictable and patently obvious."[117] "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."[118]

Plaintiff's Proposed Amended Complaint fails to allege sufficient facts to state a plausible "official capacity" claim under § 1983 against the entity Defendants. Plaintiff does not allege facts to reasonably suggest that the entity Defendants had a formal regulation or policy

[111] *Id.* at 1284 (internal quotations omitted).

[112] *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)).

[113] *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989); *Brown*, 520 U.S. at 407.

[114] *Waller*, 932 F.3d at 1284 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

[115] *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)).

[116] *Id.*

[117] *Id.* (quoting *Connick*, 563 U.S. at 63-64).

[118] *Sanchez v. City of Littleton*, 491 F. Supp. 3d 904, 921 (D. Colo. 2020) (quoting *Connick*, 563 U.S. at 61).

that caused his alleged deprivation of rights. Plaintiff does allege facts regarding an informal "program" for the "drug enforcement area."[119] But, as discussed,[120] Plaintiff fails to allege sufficient facts to reasonably suggest that the alleged "program" caused his alleged deprivation of rights. Plaintiff also fails to allege sufficient facts to reasonably suggest that decisions of final policymakers, or ratification of subordinate decisions by final policymakers, caused his alleged deprivation of rights. And Plaintiff fails to allege sufficient facts to suggest that a failure to adequately train or supervise employees caused his alleged deprivation of rights.

Plaintiff's Proposed Amended Complaint contains numerous new allegations regarding the entity Defendants' policies and custom, particularly regarding training. But, like with Plaintiff's Constitutional violations claims,[121] these new allegations are not factual. They are speculation and conclusory statements[122] and recitation of elements[123] couched as facts.

For example, Plaintiff alleges that officers violated his rights during the traffic stop and search of his vehicle.[124] He then baldly speculates and concludes that the alleged violations resulted from a failure to adequately train the officers.[125] The stop and search of Plaintiff's vehicle, alone, is not sufficient to reasonably make an inferential leap that the officers were inadequately trained, or that inadequate training caused Plaintiff's alleged derivation of rights. The alleged stop and release of the "four door older white pick-up"[126] is also not enough to

---

[119] Proposed Amended Complaint ¶¶ 6-8 at 3-4, 21 at 5, 27-29 at 6, 31 at 6, 34 at 7, 37-38 at 8.

[120] *Supra* Discussion at 12-16.

[121] *Id*.

[122] Proposed Amended Complaint ¶¶ 13-14 at 4, 24-26 at 6, 34-35 at 7, 42 at 9, 44 at 9, 52-53 at 11, 64-68 at 13, 78-87 at 15-16, 112-114 at 20.

[123] *Id*. ¶¶ 88-97 at 17-18, h-h at 28-29, q-h at 30-31, g-h at 33-35.

[124] *Id*. ¶¶ 8-9 at 3-4, 19-20 at 5, 36 at 7, 41 at 8-9, 43 at 9, 45-48 at 9-10.

[125] *Id*. ¶¶ 14 at 4, 24 at 5-6, 26 at 6, 34-35 at 7, 42 at 9, 44 at 9, 53 at 11, 64 at 13, 66 at 13, 68 at 13.

[126] *Id*. ¶¶ 50-52 at 10-11.

reasonably bridge the gap. Plaintiff does not allege sufficient facts to reasonably suggest a pattern of conduct resulting from a failure to train and deliberate indifference. Such factual allegations are necessary to ensure that a § 1983 claim is not seeking to hold a municipality liable solely for the actions of its employee.[127] Because of this, the Proposed Amended Complaint's "official capacity" § 1983 claim against the entity Defendants is lacking.

Plaintiff still fails to allege sufficient facts to state a plausible "official capacity" § 1983 claim against the entity Defendants. Therefore, Plaintiff's proposed amendments regarding the claim are futile.

**Plaintiff still may not maintain federal causes of action against a police drug-sniffing dog**

The Proposed Amended Complaint names as a Defendant the police drug-sniffing dog, K-9 Karly.[128] Plaintiff's Original Complaint also named K-9 Karly as a Defendant.[129] The claims against K-9 Karly were dismissed with prejudice because K-9 Karly is not a "person" for purposes of liability under § 1983,[130] and lacks the capacity to be sued.[131]

The Proposed Amended Complaint does not (and Plaintiff cannot) allege facts that would alter this analysis. Therefore, Plaintiff's proposed amendments regarding K-9 Karly are futile.

**Substitution of the names for the "John Doe" police officers in the Original Complaint's surviving claims is appropriate**

In summary, Plaintiff's Motion for Leave to Amend Complaint fails to comply with DUCivR 15-1(a).[132] The Motion is also untimely; without good faith and reasonable

---

[127] *Waller*, 932 F.3d at 1284.

[128] Proposed Amended Complaint ¶ 2.C at 2.

[129] Original Complaint ¶ 2.C. at 2.

[130] *Dye v. Wargo*, 253 F.3d 296, 299-300 (7th Cir. 2001).

[131] Order on Motion to Dismiss at 21.

[132] *Supra* Discussion at 4-6.

justification; and granting Plaintiff leave to amend as requested would cause undue prejudice.[133] And Plaintiff's proposed amendments are futile.[134] For these reasons (individually and collectively), Plaintiff's Motion for Leave to Amend Complaint[135] is DENIED.

However, it is still appropriate that Plaintiff be permitted to file an amended complaint to properly identify Defendants in the Original Complaint's surviving claims. The only remaining causes of action in the Original Complaint are those against Officer Ben Tufuga (Counts One through Fourteen),[136] and the "personal capacity" federal causes of action (Counts Nine, Eleven, and Thirteen)[137] against the "John Doe" police officers who were present and actually involved in the traffic stop and search of Plaintiff's vehicle.[138] Plaintiff identified the names of these "John Doe" police officers in his Proposed Amended Complaint.[139] They are: Travis Willinger; Justin Fray; and Sean Sparks.[140] Therefore, Plaintiff will be permitted to file an amended complaint that properly identifies the officers as Defendants.

---

[133] *Id*. at 6-9.

[134] *Id*. at 9-20.

[135] Docket no. 40, filed Apr. 13, 2021.

[136] Original Complaint ¶¶ 28-83 at 6-15. Plaintiff's state law claims (Counts One through Eight) and "official capacity" federal causes of action (Counts Ten, Twelve, and Fourteen) against Officer Tufuga are the subject of an order requiring Plaintiff to show cause as to why the claims should not be dismissed for the same reasons the claims were dismissed in the Order on Motion to Dismiss. Order to Show Cause Regarding Dismissal of Certain Claims Against Defendant Ben Tufuga.

[137] Original Complaint ¶¶ 60-64 at 11-12, 68-72 at 12-13, 76-80 at 13-14.

[138] Order on Motion to Dismiss at 2-3, 23.

[139] Proposed Amended Complaint ¶¶ 2.D at 2, 48 at 10.

[140] *Id*.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint[141] is DENIED.

IT IS FURTHER ORDERED that by no later than October 1, 2021, Plaintiff shall file an amended complaint that substitutes Travis Willinger, Justin Fray, and Sean Sparks for the "John Doe" Defendants who were present and actually involved in the traffic stop and search of Plaintiff's vehicle. Plaintiff's amended complaint may not include any additional allegations to the Original Complaint, other than to identify by name the officers who were present and actually involved in the traffic stop and search of Plaintiff's vehicle. Defendants must answer or otherwise respond to the amended complaint within 14 days of its filing.

Signed September 14, 2021.

BY THE COURT

David Nuffer
United States District Judge

[141] Docket no. 40, filed Apr. 13, 2021.