...

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATHAN MYERS,<br><br>    Plaintiff,<br><br>v.<br><br>BEN TUFUGA, TRAVIS WILLINGER, JUSTIN FRAY, and SEAN SPARKS,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER**<br><br>Case No. 4:20-cv-00113-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

  Defendants seeks to modify the Scheduling Order[1] to extend the dispositive motion deadline by approximately three months ("Motion").[2] Plaintiff opposes the Motion.[3] Because Defendants have established good cause and excusable neglect to extend the dispositive motion deadline, their Motion[4] is GRANTED.

## DISCUSSION

  FED. R. CIV. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[5] FED. R. CIV. P. 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."[6] Therefore, an extension of a deadline within a scheduling order may "only be granted

---

[1] Docket no. 14, filed Dec. 1, 2020.

[2] Motion to Modify Scheduling Order to Extend Dispositive Motion Deadline ("Motion"), docket no. 63, filed Oct. 13, 2021.

[3] Plaintiff's Memorandum in Response to Defendant's Motion to Modify Scheduling Order ("Response"), docket no. 66, filed Oct. 25, 2021.

[4] Docket no. 63, filed Nov. 1, 2021.

[5] FED. R. CIV. P. 16(b)(4).

[6] *Id*. at 6(b)(1)(B).

for good cause regardless of when the extension was requested."[7] "But if the extension request was filed after the original deadline, the court must also determine whether the failure to timely meet the deadline was due to excusable neglect."[8]

The good cause and excusable neglect standards are "interrelated, but not identical."[9] "Good cause requires a greater showing than excusable neglect."[10] "Good cause comes into play in situations in which there is no fault—excusable or otherwise."[11] "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[12] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[13]

Excusable neglect on the other hand, "requires some showing of good faith on the part of the party seeking the [extension] and some reasonable basis for noncompliance within the time specified."[14] "[It] is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer."[15] Rather,

> [i]t is an equitable standard and courts should consider four factors when determining whether neglect is excusable: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.[16]

---

[7] *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017).

[8] *Id*.

[9] *Id*.

[10] *Id*. (internal punctuation and quotations omitted).

[11] *Id*. (internal quotations omitted).

[12] *Id*. at 700-701 (internal quotations omitted).

[13] *Id*. at 701 (internal quotations omitted).

[14] *Id.* (internal quotations omitted).

[15] *Id.* at 701 n.2 (internal quotations omitted).

[16] *Id.* (internal quotations omitted).

These standards "should be liberally construed to advance the goal of trying each case on the merits."[17] But an extension of a deadline "is by no means a matter of right."[18] And in applying these standards, a motion to extend a particular deadline need not be viewed in a vacuum.[19] The motion may be considered within the context of the litigation as a whole.[20]

The Scheduling Order's deadline for dispositive motions was September 10, 2021.[21] Defendants seek extension of the dispositive motion deadline because the deadline passed while several motions remained pending,[22] including a motion to dismiss[23] Plaintiff's complaint and a motion to amend[24] Plaintiff's complaint. Disposition of the motion to dismiss occurred on September 13, 2021,[25] and disposition of the motion to amend occurred on September 14, 2021.[26] The memorandum decisions and orders on these motions resulted in the dismissal of several of defendants and claims, as well as a directive for Plaintiff to file an amended complaint to substitute "John Doe" defendants for the remaining defendants' actual names.[27] Plaintiff filed his Amended Complaint on September 29, 2021,[28] naming as defendant for the first time Travis Willinger, Justin Fray, and Sean Sparks. Defendants then filed their answer to the Amended

---

[17] *Id*. at 700 (internal quotations omitted).

[18] *Id*. (internal quotations omitted).

[19] *Id*. at 702.

[20] *Id*.

[21] Scheduling Order § 5.b. at 4.

[22] Motion at 3-4.

[23] Defendant's Rule 12(b)(6) Motion to Dismiss and Supporting Memorandum, docket no. 28, filed Feb. 17, 2021.

[24] Plaintiff's Motion for Leave to File First Amended Complaint Instanter, docket no. 40, filed Apr. 13, 2021.

[25] Memorandum Decision and Order Granting in part and Denying in part Motion to Dismiss ("Order Re: Motion to Dismiss"), docket no. 56, filed Sept. 13, 2021.

[26] Memorandum Decision and Order Denying Motion to Amend Complaint ("Order Re: Motion to Amend"), docket no. 59, filed Sept. 13, 2021.

[27] Order Re: Motion to Dismiss at 22-23; Order Re: Motion to Amend at 22.

[28] Amended Complaint, docket no. 61, filed Sept. 29, 2021.

Complaint on October 13, 2021.[29] And on that same day, Defendants filed their Motion seeking extension of the dispositive motion deadline.

Defendants' need for an extension of the dispositive motion deadline was caused by something that was not within their control: (1) the timing of rulings on pending motions which changed the landscape of the case; and (2) becoming newly added defendants after the deadline's passing. And the deadline could not have been met despite Defendants' exercise of due diligence.

Plaintiff will also suffer no prejudice by the deadline's extension. Indeed, in opposing Defendants' Motion, Plaintiff made no attempt to identify a prejudicial impact that an extension of the deadline could have on him. Plaintiff instead asserted his belief that disputed factual issues require the case to be resolved at trial.[30] Plaintiff also suggested reopening discovery to allow him to file a motion to exclude certain evidence and requiring the parties to attend a settlement conference as alternatives to extending the dispositive motion deadline.[31] But whether genuine issues of material fact exist for trial is a determination for a dispositive summary judgment motion.[32] Plaintiff's asserted belief is not a sufficient basis to preclude an extension of the dispositive motion deadline. And Plaintiff's suggested alternatives to an extension of the deadline have no bearing on whether the deadline should be extended.[33]

---

[29] Defendants' Answer to Amended Complaint, docket no. 62, filed Oct. 13, 2021.

[30] Response ¶¶ 5-6 at 2.

[31] *Id*. ¶¶ 1-4 at 2, 10-12 at 3.

[32] FED. R. CIV. P. 56(a).

[33] A separate motion must be filed to obtain the affirmative relief Plaintiff suggests with his alternatives. DUCivR 7-1(b)(1)(A). But regardless, the deadlines for motions in limine and settlement conference occur after the dispositive motion deadline and neither deadline has passed. Scheduling Order §§ 7.d., 8.

Finally, extending the dispositive motion deadline will result in a continuance of the current trial date to allow for sufficient time for any dispositive motions to be fully briefed and ruling to be issued in advance of trial. But because Defendants diligently and in good faith sought the deadline's extension immediately upon answering Plaintiff's Amended Complaint, the impact of the delay on the proceedings is minimal (approximately three months).

Under these circumstances, Plaintiffs have established good cause and excusable neglect to extend the Scheduling Order's dispositive motion deadline.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion[34] is GRANTED. The Scheduling Order[35] is amended as follows:

The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to FED. R. CIV. P. 6.

**\*\*ALL TIMES 4:30 P.M. UNLESS INDICATED\*\***

| 5. | | OTHER DEADLINES | DATE |
|---|---|---|---|
| | a. | Last day for expert discovery: | (passed) |
| | b. | Deadline for filing dispositive or potentially dispositive motions: | 12/03/21 |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony: | 12/03/21 |
| 6. | | SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION | DATE |
| | a. | Likely to request referral to a magistrate judge for settlement conference: | No |
| | b. | Likely to request referral to court-annexed arbitration: | No |

---

[34] Docket no. 63, filed Oct. 13, 2021.

[35] Docket no. 14, filed Dec. 1, 2020.

|   |   |   |   |   |
|---|---|---|---|---|
| c. | Likely to request referral to court-annexed mediation: | | No | |
| d. | The parties will complete private mediation/arbitration by: | | | |
| e. | Evaluate case for settlement/ADR on: | | | (passed) |
| f. | Settlement probability: | | Poor | |

**7.       TRIAL AND PREPARATION FOR TRIAL          TIME          DATE**

|   |   |   |   |   |
|---|---|---|---|---|
| a. | Rule 26(a)(3) pretrial disclosures[36] | | | |
| | Plaintiff: | | | 03/25/22 |
| | Defendants: | | | 04/08/22 |
| b. | Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) | | | |
| c. | Special Attorney Conference[37] on or before: | | | 04/22/22 |
| d. | Settlement Conference[38] on or before: | | | 04/22/22 |
| e. | Final Pretrial Conference: | | 1:00 p.m. | 05/05/22 |
| f. | Trial | **Length** | | |
| | i. Jury Trial | 5 days | 8:30 a.m. | 05/16/22 |

---

[36] The parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[37] The Special Attorneys Conference does not involve the court. During this conference, unless otherwise ordered by the court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pretrial order should include any special equipment or courtroom arrangement requirements.

[38] The Settlement Conference does not involve the court unless the court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

8. **OTHER MATTERS**

    Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

Signed November 1, 2021.

BY THE COURT<br>
_____<br>
Paul Kohler<br>
United States Magistrate Judge