THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATHAN MYERS,<br><br>               Plaintiff,<br><br>v.<br><br>BENJAMIN TUFUGA; TRAVIS WILLINGER; JUSTIN GRAY; and SEAN SPARKS,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE AND MOTION TO EXPEDITE**<br><br>Case No. 4:20-cv-00113-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff filed a motion seeking exclusion of Defendant Travis Willinger as an expert witness, and exclusion of all Defendants as lay witnesses and the bodycam videos of Defendants Benjamin Tufuga and Justin Gray[1] ("Motion in Limine")[2] Plaintiff also filed a motion seeking expedited review of his Motion in Limine ("Motion to Expedite"),[3] arguing that the Motion in Limine should be determined before determination on Defendants' prior filed Motion for Summary Judgment.[4]

Plaintiff's Motion in Limine is untimely as a motion to exclude expert testimony. Regardless, Defendant Willinger was not designated as an expert. The testimony Plaintiff seeks to exclude is lay testimony of Defendant Willinger's personal observations and conduct during the K-9 deployment during the traffic stop of Plaintiff's vehicle. And Plaintiff fails to establish a

---

[1] Plaintiff's Amended Complaint misspells the name of Defendant Justin Gray as "Justin Fray." Amended Complaint ¶ 2.C. at 2, docket no. 61, filed Sept. 29, 2021.

[2] Plaintiff's Motion in Limine ("Motion in Limine"), docket no. 71, filed Dec. 13, 2021.

[3] Plaintiff's Motion for Court to Hear Motion in Limine Before Defendants' Motion for Summary Judgment ("Motion to Expedite"), docket no. 72, filed Dec. 13, 2021.

[4] Defendants' Motion for Summary Judgment ("Motion for Summary Judgment"), docket no. 69, filed Dec. 3, 2021.

factual or legal basis for excluding Defendant Willinger and the other Defendants as lay witnesses or for excluding the Defendants Tufuga and Gray's bodycam videos. Therefore, Plaintiff's Motion in Limine[5] is DENIED.

Additionally, Plaintiff fails to provide a sufficient basis for expediting his Motion in Limine and fails to present good cause to augment the briefing schedule on Defendant's Motion for Summary Judgment. The evidence Plaintiff seeks to exclude with his Motion in Limine is presented in the Motion for Summary Judgment.[6] But this does not preclude the two motions from being reviewed simultaneously (which has occurred). And Plaintiff is in no way prevented or prejudiced in his ability to timely respond to the Motion for Summary Judgment. Therefore, Plaintiff's Motion to Expedite[7] is DENIED.

## DISCUSSION

### Plaintiff untimely seeks exclusion of expert testimony and fails to establish a factual or legal basis for excluding evidence

Plaintiff's Motion in Limine first seeks exclusion of Defendant Willinger as an expert witness.[8] This request is untimely. The deadline for filing motions to exclude expert witnesses was December 3, 2021.[9] Plaintiff filed his Motion in Limine ten days late on December 13, 2021. Plaintiff offers no justification for failing to meet the deadline. And Plaintiff's unjustified

---

[5] Docket no. 71, filed Dec. 13, 2021.

[6] Declaration of Ben Tufuga in Support of Defendants' Motion for Summary Judgment ("Tufuga Declaration"), docket no. 70-1, filed Dec. 3, 2021; Benjamin Tufuga Bodycam Video, docket no. 70-2, conventionally filed Dec. 3, 2021; Declaration of Justin Gray in Support of Defendants' Motion for Summary Judgment ("Gray Declaration"), docket no. 70-3, filed Dec. 3, 2021; Justin Gray Bodycam Video, docket no. 70-4, conventionally filed Dec. 3, 2021; Declaration of Travis Willinger in Support of Defendants' Motion for Summary Judgment ("Willinger Declaration"), docket no. 70-5, filed Dec. 3, 2021; Travis Willinger Incident Report, docket no. 70-7, filed Dec. 3, 2021; Travis Willinger K-9 Deployment Report, docket no. 70-8, filed Dec. 3, 2021; Declaration of Sean Sparks in Support of Defendants' Motion for Summary Judgment ("Sparks Declaration"), docket no. 70-9, filed Dec. 3, 2021.

[7] Docket no. 72, filed Dec. 13, 2021.

[8] Motion in Limine at 1.

[9] Memorandum Decision and Order Granting Motion to Modify Scheduling Order ¶ 5.c. at 5, docket no. 68, filed Nov. 1, 2021.

delay is not an isolated incident in this case. As discussed in prior rulings,[10] Plaintiff has repeatedly sought extension of deadlines, failed to meet deadlines (even when extended), and failed to offer adequate justification for his delays. The untimely filing, alone, is justification for denying this portion of Plaintiff's Motion in Limine.

Regardless, the testimony of Defendant Willinger and the other Defendants, which Plaintiff seeks to exclude, is lay testimony. The testimony is Defendants' personal observations and conduct during the traffic stop and search of Plaintiff's vehicle.[11] And Plaintiff provides no legal basis for the exclusion of this lay testimony, or the bodycam videos of Defendants Tufuga and Gray.

Plaintiff's Motion in Limine relies solely on Utah's law enforcement bodycam statutes.[12] Plaintiff argues that these statutes required each Defendant to wear and activate a bodycam during the traffic stop and search of his vehicle.[13] Plaintiff further argues that because Defendants Willinger and Sparks were not wearing bodycams, all Defendants must be precluded from presenting testimony regarding the traffic stop and search of the vehicle.[14] Plaintiff's arguments are not supported by the statutory language.

Utah law does not mandate that all law enforcement officers wear bodycams during a vehicle stop. Rather the relevant provisions of the Utah bodycam statutes establish that not all law enforcement agencies are required to use bodycams, but those that do must have written

---

[10] Memorandum Decision and Order Granting in part and Denying in part Motion to Dismiss at 5-9, docket no. 56, filed Sept. 13, 2021; Memorandum Decision and Order Denying Motions for Extension of Deadline to Amend Pleadings at 10-17, docket no. 58, filed Sept. 14, 2021; Memorandum Decision and Order Denying Motion to Amend Complaint at 6-9, docket no. 59, filed Sept. 14, 2021; Memorandum Decision and Order Denying Motion for Leave to File Motion to Strike, docket no. 54, filed July 26, 2021.

[11] Motion in Limine at 2-4.

[12] *Id*.; Utah Code Ann. §§ 77-7a-101 through -107.

[13] Motion in Limine at 2-4.

[14] *Id*.

policies governing their use: "Any law enforcement agency that uses body-worn cameras shall have a written policy governing the use of body-worn cameras[.]"[15] There is no statutory requirement that all officers of such an agency wear a bodycam while on duty. But those officers that are equipped with bodycams: "shall verify that the equipment is properly functioning as is reasonably within the officer's ability[;]"[16] "shall activate the body-worn camera prior to any law enforcement encounter, or as soon as reasonably possible[;]"[17] and "shall record in an uninterrupted manner until after the conclusion of a law enforcement encounter."[18] And "[i]f an officer deactivates or fails to activate a body-worn camera . . . the officer shall document the reason for deactivating or for failing to activate a body-worn camera in a written report."[19]

Defendants Willinger and Sparks were not wearing bodycams during the traffic stop and search of Plaintiff's vehicle. But they were not required to wear bodycams under Utah law. Defendants Tufuga and Gray were wearing bodycams and, therefore, were required to activate their bodycams for the duration of the traffic stop.[20] They did so. And Plaintiff makes no assertions or argument suggesting that Defendants Tufuga and Gray failed to comply with Utah law in their use of the bodycams during the traffic stop and search of Plaintiff's vehicle. Therefore, Plaintiff fails to establish that any Defendant violated Utah's bodycam statutes.

But even if Plaintiff had established a violation of the bodycam statutes, he cites no legal authority for the proposition that such a violation requires (or even permits) exclusion of Defendants' lay testimony or Defendants Tufuga and Gray's bodycam videos. The bodycam

---

[15] Utah Code Ann. § 77-7a-102(1) (2017).

[16] *Id*. § 77-7a-104(1).

[17] *Id*. § 77-7a-104(4).

[18] *Id*. § 77-7a-104(5).

[19] *Id*. § 77-7a-104(10).

[20] *Id*. §§ 77-7a-104(4), (5).

statutes set forth the remedy for their violation.[21] And exclusion of officer testimony or other evidence is not the statutory remedy.

The bodycam statutes provide that "[a] violation . . . may not serve as the sole basis to dismiss a . . . case or charge."[22] Rather, the remedy for a violation is that "[a] court presiding over a jury trial may provide an adverse inference instruction[.]"[23] Such instruction is not mandatory. It is provided only if, after consideration of multiple factors,[24] it is "establishe[d] by a preponderance of the evidence that: (i) an officer intentionally or, with reckless disregard . . . failed to comply with a requirement of [the bodycam statutes]; and (ii) the officer's failure to comply . . . is reasonably likely to affect the outcome of the . . . trial."[25] Therefore, even if Plaintiff had established a violation of the bodycam statutes, the remedy would, at most, be an adverse inference instruction, not exclusion of Defendants' lay testimony or Defendants Tufuga and Gray's bodycam videos.

Because Plaintiff fails to establish a factual or legal basis for excluding Defendants' lay testimony and Defendants Tufuga and Gray's bodycam videos, Plaintiff's Motion in Limine[26] is DENIED.

**Expedited treatment of Plaintiff's Motion in Limine is not necessary or warranted**

Plaintiff's Motion to Expedite seeks review and determination of his Motion in Limine before determination on Defendants' prior filed Motion for Summary Judgment.[27] Plaintiff

---

[21] *Id*. § 77-7a-104.1.

[22] *Id*. § 77-7a-104(12).

[23] *Id*. § 77-7a-104.1(2)(a).

[24] *Id*. § 77-7a-104.1(2)(b).

[25] *Id*. § 77-7a-104.1(2)(a).

[26] Docket no. 71, filed Dec. 13, 2021.

[27] Motion to Expedite at 2.

argues that because Defendants' Motion for Summary Judgment presents evidence the Motion in Limine seeks to exclude, the Motion in Limine should be determined first.[28] Plaintiff alternatively requests that a briefing schedule be set for the Motion for Summary Judgment.[29] The relief Plaintiff seeks is unnecessary and unwarranted.

In effect, Plaintiff's Motion to Expedite is a motion seeking to stay briefing and determination on Defendants' Motion for Summary Judgment. "[I]t is well settled that the district court has the power to stay proceedings [or portions thereof] pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[30] None of these purposes are served by delaying briefing or determination on Defendants' Motion for Summary Judgment.

The evidence Plaintiff seeks to exclude with his Motion in Limine is presented in support Defendants' Motion for Summary Judgment.[31] But Plaintiff offers no explanation why the Motion in Limine and Motion for Summary Judgment cannot be considered simultaneously (which has occurred). FED. R. CIV. P. 56(c)(2) expressly permits Plaintiff to raise evidentiary objections to the materials cited in support of Defendants' Motion for Summary Judgment.[32] And nothing precludes Plaintiff from presenting his own evidence to dispute the facts set forth in the Motion for Summary Judgment, or from arguing that the cited materials are insufficient to establish those facts. Indeed, Plaintiff has an affirmative obligation under Fed. R. Civ. P. 56(c)(1)

---

[28] *Id*.

[29] *Id*.

[30] *Baca v. Berry*, 806 F.3d 1262, 1269-1270 (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).

[31] Tufuga Declaration; Benjamin Tufuga Bodycam Video; Gray Declaration; Justin Gray Bodycam Video; Willinger Declaration; Travis Willinger Incident Report; Travis Willinger K-9 Deployment Report; Sparks Declaration.

[32] FED. R. CIV. P. 56(c)(2).

to do so when responding to the Motion for Summary Judgment.[33] Plaintiff suffers not prejudice by the simultaneous consideration of the Motion in Limine and Motion for Summary Judgment. Therefore, Plaintiff fails to establish a sufficient basis for expediting his Motion in Limine.

Plaintiff's alternative request to augment the briefing schedule on Defendant's Motion for Summary Judgment is likewise without merit. Unless otherwise ordered, the briefing schedule on a motion for summary judgment is set by DUCivR 7-1(a)(4)(B). Under that schedule, "[a] response to a motion [for summary judgment] must be filed within 28 days after service of the motion,"[34] and "[a] reply may be filed within 14 days after service of the response."[35] FED. R. CIV. P. 6(b)(1)(A) provides that "the court may, for good cause," extend a deadline "if a request is made[] before the original time . . . expires[.]"[36] "Good cause comes into play in situations in which there is no fault—excusable or otherwise."[37] "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[38] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[39]

This standard "should be liberally construed to advance the goal of trying each case on the merits."[40] But an extension of a deadline "is by no means a matter of right."[41] And in

---

[33] *Id*. at 56(c)(1).

[34] DUCivR 7-1(a)(4)(B)(iii).

[35] *Id*. at 7-1(a)(4)(B)(iv).

[36] FED. R. CIV. P. 6(b)(1)(A).

[37] *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017) (internal quotations omitted).

[38] *Id*. at 700-701 (internal quotations omitted).

[39] *Id*. at 701 (internal quotations omitted).

[40] *Id*. at 700 (internal quotations omitted).

[41] *Id*. (internal quotations omitted).

applying the standard, a motion to extend a particular deadline need not be viewed in a vacuum.[42] The motion may be considered within the context of the litigation as a whole.[43]

Plaintiff has pointed to nothing that would prevent or prejudice his ability to timely respond to Defendant's Motion for Summary Judgment. And he provides no facts or argument demonstrating that he cannot meet DUCivR 7-1(a)(4)(B)'s briefing schedule on Defendants' Motion for Summary Judgment. Plaintiff's request, like many of his other requested extensions of time in this litigation,[44] is without sufficient justification. Therefore, Plaintiff fails to establish good cause to amend the briefing schedule on Defendants' Motion for Summary Judgment.

Because Plaintiff fails to establish a sufficient basis for expediting his Motion in Limine and fails to establish good cause to amend the briefing schedule on Defendants' Motion for Summary Judgment, Plaintiff's Motion to Expedite[45] is DENIED.

---

[42] *Id*. at 702.

[43] *Id*.

[44] Memorandum Decision and Order Granting in part and Denying in part Motion to Dismiss at 5-9; Memorandum Decision and Order Denying Motions for Extension of Deadline to Amend Pleadings at 10-17; Memorandum Decision and Order Denying Motion to Amend Complaint at 6-9; Memorandum Decision and Order Denying Motion for Leave to File Motion to Strike.

[45] Docket no. 72, filed Dec. 13, 2021.

Case 4:20-cv-00113-DN   Document 78   Filed 03/11/22   PageID.530   Page 9 of 9

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion in Limine[46] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite[47] is DENIED.

Signed March 10, 2022.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[46] Docket no. 71, filed Dec. 13, 2021.

[47] Docket no. 72, filed Dec. 13, 2021.